SOUTHWICK, P.J.,
dissenting.
¶ 39. With respect for the majority, I find that more process was due to Burle-son before he was terminated. The Court points out that the United States Supreme Court has held that a public employee, protected in his job by the limitation on dismissal only for good cause, must have a pre-termination opportunity to be heard. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Though citing that case, the majority then does not apply it.
¶ 40. Once a life, liberty or property interest is identified, then any deprivation of that interest must be through such procedures as are needed to provide fairness in the context of the deprivation. It is certainly true that the process that is constitutionally required depends on various considerations. Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The problem, here, though, is that the context has already been addressed by the Supreme Court. The weighing of factors required by Eldridge in the context of for-cause termination from public employment was performed by the Supreme Court. Loudermill, 470 U.S. at 543-45, *53 105 S.Ct. 1487. The conclusion was that a pretermination hearing was needed:
The governmental interest in immediate termination does not outweigh these interests. As we shall explain, affording the employee an opportunity to respond prior to termination would impose neither a significant administrative burden nor intolerable delays. Furthermore, the employer shares the employee’s interest in avoiding disruption and erroneous decisions; and until the matter is settled, the employer would continue to receive the benefit of the employee’s labors. It is preferable to keep a qualified employee on than to train a new one. A governmental employer also has an interest in keeping citizens usefully employed rather than taking the possibly erroneous and counterproductive step of forcing its employees onto the welfare rolls. Finally, in those situations where the employer perceives a significant hazard in keeping the employee on the job, it can avoid the problem by suspending with pay.
Loudermill, 470 U.S. 532, 544-45, 105 S.Ct. 1487. The Court followed these observations with the conclusion “that the pretermination ‘hearing,’ though necessary, need not be elaborate. We have pointed out that ‘[t]he formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings.’ ” Id. at 545, 105 S.Ct. 1487.
¶ 41. Since Burleson was not given an opportunity to be heard prior to his termination, I would reverse and remand.
McMILLIN, C.J., AND GRIFFIS, J., JOIN THIS SEPARATE WRITTEN OPINION.